# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS V. BARRIOS,<br><br>                  Petitioner,<br><br>v.<br><br>W.J. SULLIVAN, Warden,<br><br>                  Respondent. | Case No.: 18-CV-1915 JLS (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TOLLING**<br>(ECF No. 1) |

    On August 10, 2018, Petitioner, a state prisoner proceeding pro se, filed a document entitled "Petitioner's Motion of Acknowledgment and Request for Disposition of 7-2-18 Motion for Stay and Abeyance to Exhaust One Full Round of State Habeas Corpus" in the United States District Court for the Central District of California. ECF No. 1. The case was transferred to this Court on August 15, 2018. ECF No. 3.

    In his current motion, Petitioner states he filed a motion for stay and abeyance in the Central District on July 2, 2018, in which he asked that the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations be stayed while he exhausted his claim in state court. ECF No. 1 at 1. It appears from the documents Petitioner has attached to his motion that the Central District forwarded his motion to the San Diego Superior Court. *See* ECF No. 1 at 4–7. Petitioner's current motion asks for the status of the request to stay the AEDPA statute of limitations.

The Court is without jurisdiction to extend the one-year statute of limitations of 28 U.S.C. § 2241(d)(1)(A)–(D), which provides that the limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). Absent some other basis for tolling, however, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Petitioner has not filed a Petition for writ of habeas corpus in this action. Consequently, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. U.S. Dist. Ct.*, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) (stating that, "[u]nlike non-capital prisoners who initiate habeas

2
18-CV-1915 JLS (NLS)

proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994). Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.

## **CONCLUSION**

For the foregoing reasons, Petitioner's request to toll the statute of limitations is **DENIED WITHOUT PREJUDICE**. If Petitioner wishes to initiate a habeas corpus action, he must do so by filing a new case.

**IT IS SO ORDERED**.

Dated: September 17, 2018

Hon. Janis L. Sammartino
United States District Judge